■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD GARRIS, Appellant. — Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed and defendant remanded to Erie County Court for resentencing. Memorandum: The proof at trial failed to establish that the value of articles of clothing stolen during the burglary was in excess of $250; therefore, the conviction for grand larceny in the third degree must be reduced to petit larceny (*People v Van Etten,* 94 AD2d 953; *People v Clark,* 91 AD2d 1102; Penal Law, § 155.20, subd 4; §§ 155.25, 155.30). (Appeal from judgment of Erie County Court, Wolfgang, J. — burglary, third degree.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ TIMOTHY ALLBRIGHT, Appellant, v NATIONAL GRANGE MUTUAL INSURANCE Co. et al., Respondents. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff's cross motion for summary judgment was properly denied, but the court erred insofar as it dismissed plaintiff's cause of action against defendant Gee Chevrolet, Inc. As a registered dealer in motor vehicles, Gee had authority to issue a temporary registration for the vehicle being sold to plaintiff (Vehicle and Traffic Law, § 420, subd 7), but there was no duty to do so. However, once it undertook this responsibility it was obligated to use reasonable care to see that plaintiff's interests were properly protected (*Dalrymple v Shults Chevrolet,* 51 AD2d 884, affd 41 NY2d 957; see, also, *Riedman Agency v Meaott Constr. Corp.,* 90 AD2d 963, 964, app dsmd 58 NY2d 824). Temporary registration of a motor vehicle cannot be accomplished unless the buyer has "another vehicle duly registered" (Vehicle and Traffic Law, § 420, subd 7). Plaintiff's trade-in car was not "duly registered" since the insurance had lapsed, thereby rendering the registration void by operation of law (Vehicle and Traffic Law, § 312, subd 1). Before issuing a temporary registration, Gee had a duty to ascertain that plaintiff's trade-in vehicle was duly registered, meaning that plaintiff could produce a valid registration and insurance card. The examinations before trial raise a question of fact as to whether Gee ever asked plaintiff for proof of insurance on the trade-in vehicle. The failure to do so could be found by the fact finder as the failure to use due care under the circumstances and the proximate cause of plaintiff's financial loss. Plaintiff's conduct in driving the trade-in vehicle without insurance and with license plates that had become invalid by operation of law does not bar this action against Gee, but merely creates a question of fact with respect to plaintiff's comparative negligence. Plaintiff's causes of action against the other defendants were properly dismissed. (Appeal from order of Supreme Court, Oneida County, Miller, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.