■ JOSEPH JUSTICE, Appellant, v MENDON LEASING CORPORATION et al., Respondents. [668 NYS2d 938] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), entered January 27, 1997, which, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

There is no merit to the plaintiff's claim that the jury verdict should have been set aside as contrary to the weight of the credible evidence. A court may set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict was sustained (*see, Nicastro v Park,* 113 AD2d 129, 133). The operative factor in the court's determination as to whether to set aside a jury's verdict is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451; *Storch v LaGuardia Med. Group,* 209 AD2d 689; *Nicastro v Park, supra,* at 134).

Here, the defendants presented evidence that the plaintiff was crossing the street against the light, had a bus ticket in his hand, and ran into the side of the defendants' vehicle. On this evidence, the jury reasonably could have reached the conclusion that the defendants were not negligent, and the trial court correctly refused to set aside the verdict.

The plaintiff's claim that the trial court erroneously admitted the opinions of the defendants' expert is also without merit. The admissibility of expert testimony is left to the sound discretion of the trial court (*see, Selkowitz v County of Nassau,* 45 NY2d 97; *Dulin v Maher,* 200 AD2d 707). Further, an expert opinion may be based upon facts in the record or personally known to the witness (*see, Cassano v Hagstrom,* 5 NY2d 643; *Andaloro v Town of Ramapo,* 242 AD2d 354; *Brullo v Schiro,* 239 AD2d 309). Here, the expert's opinions were sufficiently based upon facts either in the record or personally known to him. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.