■ ELIZABETH MACHOLZ, Appellant, v MARK WEISS, Respondent. [719 NYS2d 606] —In an action, *inter alia*, to recover damages for the intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated February 9, 2000, which granted the defendant's motion to dismiss the cause of action sounding in intentional infliction of emotional distress as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion to dismiss the cause of action sounding in intentional infliction of emotional distress on the ground that it is time-barred (*see,* CPLR 215 [3]; *Langford v Roman Catholic Diocese,* 271 AD2d 494; *Weisman v Weisman,* 108 AD2d 853). Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.

■ ISRAEL MANDELOVITZ, Appellant, v DENISE M. ROCKOFSKY et al., Respondents. [719 NYS2d 672] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jones, J.), entered September 20, 1999, which, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict and for judgment in his favor as a matter of law, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The trial court properly denied the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict, as the jury finding in favor of the defendants could have been reached on a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). The defendants presented evidence that the defendant driver Denise M. Rockofsky saw the plaintiff walking in the roadway in the middle of the block on the double yellow line from half a block away, that she sounded her horn and slowed her vehicle, and that the plaintiff then suddenly turned and ran in front of her vehicle. Upon being presented with this evidence, which conflicted sharply with the plaintiff's testimony and thereby created a factual dispute, the jury "resolved the controversy in favor of the defendant[s] upon a fair interpretation of the evidence, [and] that finding should be sustained" (*Nicastro v Park, supra,* at 134; *see also, Justice v Mendon Leasing Corp.,* 248 AD2d 443). The jury reasonably could have concluded that Rockofsky was not negligent (*see, Justice v Mendon Leasing Corp., supra; Shachnow v Myers,* 229 AD2d 432).

The plaintiff's remaining contentions are without merit. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.