■ D.F., by Her Parent and Natural Guardian HEIDI MARSHALL, et al., Respondents-Appellants, v WEDGE MASCOT CORPORATION, Doing Business as SOUTH WEDGE CAR COMPANY, Appellant-Respondent, and FREDDIE LEE BROCK, Respondent. [843 NYS2d 886]—

Appeal and cross appeal from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered May 18, 2006 in a personal injury action. The order, inter alia, denied the motion of defendant Wedge Mascot Corporation, doing business as South Wedge Car Company, for summary judgment dismissing the amended complaint against it and denied the cross motion

of plaintiffs for partial summary judgment on liability against that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by her daughter (hereafter, plaintiff) when a motor vehicle operated by defendant Freddie Lee Brock, III struck her while she was crossing the street. The record establishes that Brock purchased the vehicle from defendant Wedge Mascot Corporation, doing business as South Wedge Car Company (Wedge), several months before the accident.

Supreme Court properly denied the motion of Wedge seeking summary judgment dismissing the amended complaint against it but erred in denying plaintiffs' cross motion seeking partial summary judgment on liability against Wedge as the owner of the vehicle. "Under New York law, a dealer who fails to comply with the statutory requirements regarding vehicle registration procedures, including the failure to verify insurance, is estopped from denying ownership of the vehicle and is fully liable to the plaintiff as if it were the 'owner' of the vehicle" (*Brown v Harper*, 231 AD2d 483, 484 [1996]; *see Taylor v Botnick Motor Corp.*, 146 AD2d 81, 84-85 [1989]). Plaintiffs established that the license plates affixed by Brock to the vehicle when he purchased it from Wedge were removed from a vehicle that was neither registered to Brock nor insured in his name and, in any event, the insurance on that vehicle, issued to another individual, had lapsed. Plaintiffs also established that Wedge issued a temporary registration to Brock without making any effort to ascertain whether the license plates were removed from a vehicle that "was duly registered, meaning that [Brock] could produce a valid registration and insurance card" (*Allbright v National Grange Mut. Ins. Co.*, 99 AD2d 651 [1984]). Wedge failed to raise a triable issue of fact on the issue whether it may be vicariously liable to plaintiffs as the owner of the vehicle pursuant to Vehicle and Traffic Law § 388 (1) based on Brock's alleged negligence. We therefore modify the order accordingly.

The court properly denied plaintiffs' motion seeking partial summary judgment against Brock on the issue of negligence. Plaintiffs' own submissions raise triable issues of fact whether plaintiff was comparatively negligent and whether Brock exercised due care to avoid striking her (*see Dragunova v Dondero*, 305 AD2d 449 [2003]; *Garner v Fox*, 265 AD2d 525 [1999]; *see also Mandelovitz v Rockofsky*, 279 AD2d 557 [2001]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.