■ HOLLY CORINA, Individually and as Parent and Guardian of KEVIN CORINA, an Infant, Appellant, v BOYS AND GIRLS CLUB OF SCHENECTADY, INC., et al., Defendants, and MARK MESSERCOLA, Respondent. [919 NYS2d 553]—

McCarthy, J.

During the afternoon of May 18, 2007, plaintiff's 12-year-old son left defendant Rotterdam Boys and Girls Club and attempted to cross Curry Road, east of its intersection with North Wescott Road in the Town of Rotterdam, Schenectady County. He ostensibly planned to join a small group of youths on the south side of Curry Road. While running across the road from north to south, he was struck by a vehicle operated by defendant Mark Messercola that was accelerating in the eastbound lane of Curry Road, after having stopped at a red light. Plaintiff commenced this negligence action against, among others, Messercola. Following joinder of issue, Messercola moved for summary judgment dismissing the complaint against him. Supreme Court granted the motion,* and plaintiff now appeals.

Messercola, as the proponent of a motion for summary judgment, had the initial burden of establishing that "no triable issues of fact existed [regarding] whether [he] acted prudently under the circumstances" (*DeJesus v Alba*, 14 NY3d 860, 861 [2010]). According to a police report, an investigator found that

---

* Supreme Court did not issue a written decision and no transcript of the bench decision is included in the record on appeal. We note that our review is greatly enhanced when the trial court explains its reasoning in writing. Where such a writing unfortunately does not exist, the parties are encouraged to obtain and provide us with a transcript of any oral decision.

Messercola was traveling 30 miles per hour in a 35-mile-per-hour speed zone. This evidence was consistent with Messercola's deposition testimony regarding his speed. Plaintiff failed to provide anything other than speculation that Messercola's speed played any role in the accident. Hence, there are no questions of fact on this issue.

On the other hand, factual questions exist as to whether Messercola should have seen plaintiff's son earlier and could have reacted to avoid or lessen the impact. It is undisputed that plaintiff's son crossed the road in front of Messercola's car, perhaps negligently, and came into contact with the car near the passenger-side headlight. To get to that point, plaintiff's son crossed the northern shoulder of the road, traversed the entire westbound lane of traffic, the double-solid center line and most of the eastbound lane before the impact. In a written statement he gave to police on the date of the accident, Messercola stated, "I did not see [the child] until he hit the windshield of my car." The police report also indicates that Messercola did not see the child "until impact occurred." At his deposition, Messercola testified that he saw a group of children to his right in his peripheral vision, but he was looking straight ahead at the time of the accident. Messercola further testified that he first saw plaintiff's son "when he was directly in front of my car," and did not know why he had not seen the child before that time, although he speculated that it was possible that the child crossed behind a larger vehicle in the opposite lane. When directly asked whether he had seen the child "cross the oncoming lane of traffic at all," Messercola responded "Not at all. I saw him when he was directly in front of me in my driver's seat." This information was sufficient to create a question of fact as to whether Messercola failed to keep a proper lookout (see Reed v City of Syracuse, 309 AD2d 1195, 1196 [2003]; Boston v Dunham, 274 AD2d 708, 709-710 [2000]). Had he seen the child crossing the opposite lane of traffic, Messercola may have been able to brake earlier or take other evasive measures so as to avoid the collision or lessen its impact.

Although a witness driving behind Messercola averred that "[t]here was absolutely no way . . . [he] could have stopped to avoid hitting the [child]," police investigation notes indicate that this witness "did not see the events leading [up] to the collision" and she first saw the child "airborne post-impact." The witness averred that she saw the child at the side of the road, and the next thing she saw was Messercola's car striking the child and the child in the air after having been hit. Under these circumstances, there is a factual question as to whether she saw

enough to determine if Messercola could have avoided or mitigated the impact. The police investigator based his conclusion—that "no evasive action would have prevented the collision"—primarily on information gathered from this witness and Messercola, rendering that conclusion subject to the same factual questions raised by the statements of those individuals.

In general, "whether a defendant has conformed to the standard of conduct required by law is a question of fact necessitating a trial" (*St. Andrew v O'Brien*, 45 AD3d 1024, 1028 [2007], *lv denied and dismissed* 10 NY3d 929 [2008] [internal quotation marks and citations omitted]). Because Messercola failed to meet his burden of establishing as a matter of law that he acted prudently under the circumstances, his motion for summary judgment should have been denied.

Mercure, Peters and Garry, JJ., concur; Cardona, P.J. and Lahtinen, J., not taking part. Ordered that the order is reversed, on the law, with costs, and motion denied.