# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1454**
**CA 11-01296**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

JOYCE SAUTER, FILED ON BEHALF OF CLAUDETTE V.
SAUTER, PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

PETER A. CALABRETTA,
DEFENDANT-RESPONDENT-APPELLANT.

---

STANLY LAW OFFICES, LLP, SYRACUSE (ARMEN J. NAZARIAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

MACKENZIE HUGHES LLP, SYRACUSE (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 22, 2011 in a personal injury action. The order denied plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of her daughter seeking damages for injuries her daughter sustained when she was struck by a vehicle operated by defendant while walking on the shoulder of the road. Plaintiff appeals and defendant cross-appeals from an order denying plaintiff's motion for partial summary judgment on liability, i.e., the issues of negligence and serious injury (*see generally Ruzycki v Baker*, 301 AD2d 48, 51-52), and denying defendant's cross motion for summary judgment dismissing the complaint. We affirm.

Contrary to plaintiff's contention on appeal, we conclude that Supreme Court properly denied that part of her motion with respect to the issue of defendant's negligence, inasmuch as her own submissions raise triable issues of fact whether plaintiff's daughter was comparatively negligent and whether defendant exercised due care to avoid striking her (*see D.F. v Wedge Mascot Corp.*, 43 AD3d 1372, 1373). In support of the motion, plaintiff contended that defendant violated Vehicle and Traffic Law § 1131, pursuant to which "no motor vehicle shall be driven over, across, along, or within any shoulder or slope of any state controlled-access highway . . . ." Plaintiff, however, submitted the deposition testimony of defendant, who

testified that he did not cross into the shoulder of the street in question and that plaintiff's daughter crossed into the street immediately prior to the accident.  Plaintiff also submitted the deposition testimony of her daughter's friend, who was with her daughter at the time of the accident and who testified that she did not observe defendant cross into the shoulder of the street.

In addition, plaintiff failed to make a prima facie showing that defendant violated Vehicle and Traffic Law § 1146 or a similar duty of care (*see generally Long v Niagara Frontier Transp. Auth.*, 81 AD3d 1391, 1392).  Pursuant to section 1146 (a), "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway and shall give warning by sounding the horn when necessary."  Further, defendant also had the "common-law duty to see that which he should have seen [as a driver] through the proper use of his senses" (*Barbieri v Vokoun*, 72 AD3d 853, 856).  Although it is undisputed that defendant struck plaintiff's daughter with his vehicle, defendant testified at his deposition that the street in question has few lights, that he was driving in his lane and that he was driving at or under the speed limit.  Defendant further testified that he did not have time to avoid the accident after observing plaintiff's daughter in the path of his vehicle.  Contrary to plaintiff's further contention, any inconsistencies in the deposition testimony of defendant concerning when he first observed plaintiff's daughter merely present a credibility issue to be resolved at trial (*see Palmer v Horton*, 66 AD3d 1433, 1434; *Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514).  In light of our conclusion that plaintiff failed to meet her initial burden on the motion, we do not address her contention that the affidavit of defendant's accident reconstructionist is speculative and lacks an evidentiary foundation.

We further conclude that the court properly denied that part of plaintiff's motion with respect to the issue whether her daughter sustained a serious injury within the meaning of Insurance Law § 5102 (d).  As the moving party, plaintiff bore the burden of demonstrating that her daughter sustained a serious injury as a matter of law "by tender of evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  In support of the motion, plaintiff submitted her daughter's medical records, which included a report from a radiologist diagnosing plaintiff's daughter with a "[l]inear skullbase fracture" after the accident.  Although there is no question that a fracture constitutes a serious injury (*see* § 5102 [d]), plaintiff is not entitled to summary judgment because the radiologist's report was not submitted in admissible form (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350; *Grasso v Angerami*, 79 NY2d 813, 815; *Zuckerman*, 49 NY2d at 562).  The report is unsworn (*see Grasso*, 79 NY2d at 814; *Feggins v Fagard*, 52 AD3d 1221, 1223; *cf. Bojorquez v Sanchez*, 65 AD3d 1179), and it was not properly certified as a business record (*see* CPLR 4518 [a]; *cf. Salman v Rosario*, 87 AD3d 482, 483 n; *Mayblum v Schwarzbaum*, 253 AD2d 380).

Contrary to defendant's contention on his cross appeal, we conclude that the court properly denied his cross motion inasmuch as

he "failed to submit evidence sufficient to establish, prima facie, that the . . . alleged negligence [of plaintiff's daughter] was the sole proximate cause of the accident, that he kept a proper lookout, and that his alleged negligence, if any, did not contribute to the happening of the accident" (*Topalis v Zwolski*, 76 AD3d 524, 525; *see Ryan v Budget Rent a Car*, 37 AD3d 698).

Entered:  December 30, 2011                Frances E. Cafarell
                                           Clerk of the Court