# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1061
CA 13-00608
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

KAREN M. LINNANE, PLAINTIFF-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

LAJOS SZABO AND EDITH M. SZABO,
DEFENDANTS-APPELLANTS.

---

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (MICHAEL J. COOPER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered January 22, 2013.  The order granted
the motion of plaintiff for partial summary judgment on negligence and
on the issue of serious injury with respect to three of the categories
set forth in the bill of particulars, and denied defendants' cross
motion for summary judgment dismissing the complaint.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying plaintiff's motion and
granting defendants' cross motion in part and dismissing the
complaint, as amplified by the bill of particulars, with respect to
the claim that plaintiff sustained a serious injury to her left knee
and as modified the order is affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when the vehicle she was driving was
struck by a vehicle operated by Edith M. Szabo (defendant).  Plaintiff
alleged that she sustained qualifying serious injuries pursuant to
Insurance Law § 5102 (d) with respect to injuries she sustained to
both knees, her left shoulder, and her cervical and lumbar spine.  It
is undisputed that plaintiff had surgery on her right knee, her left
shoulder and her lumbar spine following the accident.  Plaintiff moved
for partial summary judgment on negligence and on the issue of serious
injury with respect to three of the categories set forth in the bill
of particulars, i.e., the permanent consequential limitation of use,
significant limitation of use and 90/180-day categories, and
defendants cross-moved for summary judgment dismissing the complaint
on the ground that plaintiff did not sustain a qualifying injury under
any of the categories alleged in the bill of particulars.  Supreme
Court granted plaintiff's motion and denied defendants' cross motion.

Addressing first the issue of serious injury, we conclude on the record before us that plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (d) in connection with the alleged injury to her left knee, inasmuch as the record establishes that she sustained only a minor, mild or slight limitation of her left knee (*see Monette v Trummer* [appeal No. 2], 96 AD3d 1547, 1548-1549). We therefore modify the order by denying plaintiff's motion with respect to the left knee and granting defendants' cross motion in that regard. We further conclude with respect to both plaintiff's motion and defendants' cross motion that "[s]ufficient record evidence exists to raise a triable issue of fact whether plaintiff sustained a 'serious injury' " under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories with respect to the alleged injuries to plaintiff's right knee, left shoulder, and cervical and lumbar spine (*see Tyson v Nazarian*, 20 NY3d 967, 968), based upon the conflicting reports and affidavits of the parties' medical experts (*see Verkey v Hebard*, 99 AD3d 1205, 1206). We therefore further modify the order accordingly.

We agree with defendants that the court erred in granting plaintiff's motion with respect to the issue of negligence. Plaintiff submitted defendant's deposition testimony, which related a nonnegligent explanation for the accident, and she thus failed to establish her entitlement to judgment on the issue of negligence (*see generally Zuckerman v City of New York*, 49 NY2d 557, 561). We therefore further modify the order accordingly.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court