# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**415**

**CA 13-01820**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

DENISE APPLEBEE, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MARY BECK, DEFENDANT-APPELLANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN KROGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 7, 2013. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: In this action to recover damages for injuries that plaintiff allegedly sustained as the result of a motor vehicle accident, defendant appeals from an order denying her motion for summary judgment dismissing the complaint. In support of her motion, defendant alleged, inter alia, that plaintiff did not sustain a serious injury as a result of the accident within the meaning of Insurance Law § 5102 (d), i.e., under the permanent consequential limitation of use, significant limitation of use, or 90/180-day categories. We agree with defendant that Supreme Court erred in denying the motion.

Defendant met her initial burden of establishing as a matter of law that plaintiff's injuries do not qualify under the above categories of serious injury by submitting plaintiff's medical records, plaintiff's deposition testimony, and the affidavit and affirmed report of the physician who examined plaintiff on defendant's behalf. Notably, the physician opined that the alleged injuries were not causally related to the accident but instead were the result of plaintiff's preexisting degenerative disc disease (*see Dorrian v Cantalicio*, 101 AD3d 578, 578; *Carfi v Forget*, 101 AD3d 1616, 1617-1618; *Hartley v White*, 63 AD3d 1689, 1690).

The burden then shifted to plaintiff to submit competent medical evidence, based on objective findings and diagnostic tests, raising a

triable issue of fact (*see Franchini v Palmieri*, 307 AD2d 1056, 1057, *affd* 1 NY3d 536; *Yoonessi v Givens*, 39 AD3d 1164, 1165).  In particular, in light of defendant's "persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" (*Carrasco v Mendez*, 4 NY3d 566, 580; *see Lux v Jakson*, 52 AD3d 1253, 1254; *cf. Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195; *Coleman v Wilson*, 28 AD3d 1198, 1198).  Plaintiff failed to meet her burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Indeed, plaintiff failed to submit any expert medical evidence in opposition to the motion, and thus failed to "address the conclusion of defendant's expert that the changes in the spine of plaintiff were degenerative in nature" (*Briody v Melecio*, 91 AD3d 1328, 1329).  We reject plaintiff's contention that the evidence establishing that she had bulging discs is sufficient to raise a triable issue of fact whether she sustained a serious injury under one of the three asserted categories of serious injury.  Even assuming, arguendo, that she raised an issue of fact whether she had bulging discs that were causally related to the motor vehicle accident at issue, we note that "[p]roof of a herniated [or bulging] disc, without additional objective medical evidence establishing . . . significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574; *see Carfi*, 101 AD3d at 1618).

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court