# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200**
**CA 14-00736**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

ANGELA SIMS, PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

KUSHNOOD HAQ, DEFENDANT-APPELLANT.

---

HAGELIN KENT LLC, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (SCOTT M. DUQUIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 15, 2014. The order denied the motion of defendant for summary judgment dismissing the complaint and granted the cross motion of plaintiff for partial summary judgment on liability, i.e., on the issue of negligence and her claim that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle collided at an intersection with a vehicle operated by defendant. Plaintiff alleged that she sustained qualifying injuries pursuant to Insurance Law § 5102 (d) in the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident under any of those categories. Plaintiff cross-moved for partial summary judgment on liability, i.e., on the issue of negligence and her claim that she sustained a serious injury under the 90/180-day category (*see Ruzycki v Baker*, 301 AD3d 48-51, 52). Supreme Court properly denied defendant's motion, but erred in granting plaintiff's cross motion, and we therefore modify the order accordingly.

We conclude that the court properly denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories. Although defendant met his initial burden, plaintiff raised triable issues of fact (*see Leahey v Fitzgerald*, 1 AD3d 924, 926; *Parkhill v Cleary*, 305 AD2d 1088, 1089).

We further conclude that the court erred in granting that part of the cross motion concerning the 90/180-day category.  The conflicting affirmations of the medical experts raise triable issues of fact whether plaintiff sustained a serious injury under that category (*see Linnane v Szabo*, 111 AD3d 1304, 1305; *Verkey v Hebard*, 99 AD3d 1205, 1206).

The court also erred in granting that part of the cross motion concerning defendant's negligence.  The conflicting testimony of the parties with respect "to which driver was proceeding with a green light raised a triable issue of fact on the question of [negligence]" (*Alexandre v Dweck*, 44 AD3d 597, 597-598; *see D.F. v Wedge Mascot Corp*., 43 AD3d 1372, 1373).

Entered:  February 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court