# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1058**
**CA 15-01483**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

ONEWEST BANK, FSB, PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

STEVEN D. SPENCER, ET AL., DEFENDANTS,
AND DONNA S. SPENCER, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

REID A. HOLTER, VICTOR, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered February 2, 2015. The order, inter
alia, granted the cross motion of defendant Donna S. Spencer for
summary judgment dismissing all causes of action against her.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the cross motion in part
and reinstating the first, third, and sixth causes of action against
defendant Donna S. Spencer, and as modified the order is affirmed
without costs.

Memorandum: In appeal No. 1, plaintiff appeals from an order
that, inter alia, granted the cross motion of Donna S. Spencer
(defendant) for summary judgment dismissing the complaint against her.
In appeal No. 2, plaintiff appeals from an order settling the record
on appeal.

Addressing first the order in appeal No. 2, we agree with
plaintiff that Supreme Court erred in excluding from the record on
appeal the transcript of its bench decision. "The complete record on
appeal shall include . . . the decision, if any, of the court granting
the order or judgment" (22 NYCRR 1000.4 [a] [2]), as well as " 'any
relevant transcripts of proceedings before the [court]' " (*Kai Lin v
Strong Health* [appeal No. 1], 82 AD3d 1585, 1586, *lv dismissed in part
and denied in part* 17 NY3d 899, *rearg denied* 18 NY3d 878; *see* 22 NYCRR
1000.4 [a] [2]). Indeed, "trial courts have an obligation to the
litigants to provide a basis for their decisions" (*Cellino & Barnes,
P.C. v Law Off. of Christopher J. Cassar, P.C.*, 140 AD3d 1732, 1735
[DeJoseph, J., dissenting]; *see Corina v Boys & Girls Club of
Schenectady, Inc.*, 82 AD3d 1477, 1477 n). The record belies
defendant's contention that the transcript in question did not

constitute the basis for the court's decision.  Thus, inasmuch as our rules mandate the inclusion of the court's decision in the record on appeal, we conclude that the court erred in excluding the transcript of its bench decision (*see Kai Lin*, 82 AD3d at 1586).  We therefore reverse the order in appeal No. 2 insofar as appealed from and grant plaintiff's motion to settle the record in its entirety.

With respect to appeal No. 1, we agree with plaintiff that the court erred in granting those parts of defendant's cross motion for summary judgment dismissing the first and sixth causes of action, in which plaintiff alleges in relevant part that it held an equitable mortgage on defendant's interest in a parcel of property and seeks foreclosure.  "The whole doctrine of equitable mortgages is founded upon that cardinal maxim of equity which regards that as done which has been agreed to be done, and ought to have been done" (*Sprague v Cochran*, 144 NY 104, 114; *see Canandaigua Natl. Bank & Trust Co. v Palmer*, 119 AD3d 1422, 1423).  " '[A] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation' " (*Canandaigua Natl. Bank & Trust Co.*, 119 AD3d at 1424; *see Tornatore v Bruno*, 12 AD3d 1115, 1117).  Such intent must "clearly appear from the language and the attendant circumstances" (*Pennsylvania Oil Prods. Ref. Co. v Willrock Producing Co.*, 267 NY 427, 434-435; *see Canandaigua Natl. Bank & Trust Co.*, 119 AD3d at 1424).

In support of her cross motion, defendant submitted an affidavit in which she stated that she was an owner of the subject property, her former husband was the only signatory to the note and mortgage instrument, and she did not sign the note or the mortgage instrument.  The affidavit, however, contained no sworn statements regarding her intent, or lack thereof, to create a mortgage on her interest in the property.  We thus conclude that defendant failed to meet her burden of establishing as a matter of law that plaintiff does not hold an equitable mortgage on defendant's interest in the property inasmuch as she "failed to establish that there was no intent by plaintiff and [herself] to create a mortgage [encumbering] the [entire] property" at the time the mortgage was executed (*Village of Philadelphia v FortisUS Energy Corp.*, 48 AD3d 1193, 1196).

We also agree with plaintiff that the court erred in granting that part of defendant's cross motion for summary judgment dismissing the third cause of action, for unjust enrichment.  The elements of an unjust enrichment cause of action are that (1) the defendant was enriched; (2) the enrichment was at the expense of the plaintiff; and (3) it would be inequitable to allow the defendant to retain that which is claimed by the plaintiff (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182; *Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc.*, 108 AD3d 1181, 1183).  Here, we conclude that defendant failed to establish that she was entitled to judgment as a matter of law with respect to the cause of action for unjust enrichment (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  Contrary to defendant's contention, her relationship to plaintiff is not too attenuated to sustain an unjust

enrichment cause of action inasmuch as she is an owner of the property on which plaintiff holds a mortgage (*see generally Mandarin Trading Ltd.*, 16 NY3d at 182).

We therefore modify the order in appeal No. 1 by denying the cross motion in part and reinstating the causes of action against defendant for equitable mortgage and unjust enrichment.

Entered: December 23, 2016 Frances E. Cafarell
Clerk of the Court