# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**109**

**CA 16-00847**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

RICHARD M. BROWN, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

JARED PRESTON MILLER AND LYNNETTE F. MILLER,
DEFENDANTS-APPELLANTS.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (ALISON K.L. MOYER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered August 11, 2015.  The order denied
the motion of defendants for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action to recover damages
for injuries he allegedly sustained when a vehicle that he was
operating collided with a vehicle owned by defendant Lynnette F.
Miller and operated by defendant Jared Preston Miller.  Defendants
moved for summary judgment dismissing the complaint on the ground that
plaintiff did not suffer a serious injury within the meaning of
Insurance Law § 5102.  We agree with defendants that Supreme Court
erred in denying the motion.

Defendants met their burden on the motion by submitting the
affirmed report of a physician who examined plaintiff and reviewed his
prior medical records.  The physician concluded that plaintiff
sustained only a concussion and a minor cervical and lumbosacral
strain in the collision, and that those injuries had resolved.
Furthermore, the physician opined that plaintiff's prior imaging
studies revealed preexisting degenerative changes not causally related
to the collision, and that the collision did not aggravate or
exacerbate plaintiff's preexisting degenerative condition (*see Bleier
v Mulvey*, 126 AD3d 1323, 1324; *French v Symborski*, 118 AD3d 1251,
1251, *lv denied* 24 NY3d 904).

The burden then shifted to plaintiff "to submit competent medical

evidence, based on objective findings and diagnostic tests, raising a triable issue of fact" (*Applebee v Beck*, 118 AD3d 1279, 1280), and we conclude that plaintiff failed to meet that burden.  Although plaintiff submitted expert medical evidence establishing that he sustained injuries causally related to the collision, he failed to raise an issue of fact whether those injuries constituted "serious injury" within the meaning of Insurance Law § 5102 (*see Linnane v Szabo*, 111 AD3d 1304, 1305).

Entered:  March 24, 2017 Frances E. Cafarell
Clerk of the Court