Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered August 11, 2015. The order denied the motion of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when a vehicle that he was operating collided with a vehicle owned by defendant Lynnette F. Miller and operated by defendant Jared Preston Miller. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102. We agree with defendants that Supreme Court erred in denying the motion.
Defendants met their burden on the motion by submitting the affirmed report of a physician who examined plaintiff and reviewed his prior medical records. The physician concluded that plaintiff sustained only a concussion and a minor cervical *1556 and lumbosacral strain in the collision, and that those injuries had resolved. Furthermore, the physician opined that plaintiff’s prior imaging studies revealed preexisting degenerative changes not causally related to the collision, and that the collision did not aggravate or exacerbate plaintiff’s preexisting degenerative condition (see Bleier v Mulvey, 126 AD3d 1323, 1324 [2015]; French v Symborski, 118 AD3d 1251, 1251 [2014], lv denied 24 NY3d 904 [2014]).
The burden then shifted to plaintiff “to submit competent medical evidence, based on objective findings and diagnostic tests, raising a triable issue of fact” (Applebee v Beck, 118 AD3d 1279, 1280 [2014]), and we conclude that plaintiff failed to meet that burden. Although plaintiff submitted expert medical evidence establishing that he sustained injuries causally related to the collision, he failed to raise an issue of fact whether those injuries constituted “serious injury” within the meaning of Insurance Law § 5102 (see Linnane v Szabo, 111 AD3d 1304, 1305 [2013]).
Present — Centra, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.