Luttrell v Vega (2018 NY Slip Op 04468)





Luttrell v Vega


2018 NY Slip Op 04468


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


658 CA 17-01793

[*1]MARGARET A. LUTTRELL, PLAINTIFF-APPELLANT,
v
JULIO R. VEGA, DEFENDANT-RESPONDENT. 






FARACI LANGE, LLP, ROCHESTER (KRISTIN A. MERRICK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF JENNIFER S. ADAMS, WILLIAMSVILLE (SHAYNA D. GORSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered May 9, 2017. The order, insofar as appealed from, granted the motion of defendant for summary judgment dismissing the complaint and denied that part of the cross motion of plaintiff for summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's motion is denied, the complaint is reinstated and that part of plaintiff's cross motion for partial summary judgment on the issue of serious injury is granted.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that she sustained when a vehicle operated by defendant struck her foot while she was walking her bicycle on the street beneath an overpass. We agree with plaintiff, as limited by her brief, that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint and denying that part of plaintiff's cross motion for partial summary judgment on the issue of serious injury.
Viewing the evidence in the light most favorable to plaintiff and affording her the benefit of every reasonable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendant failed to meet his initial burden on his motion of establishing as a matter of law that plaintiff's negligence was the sole proximate cause of the accident (see Chilinski v Maloney, 158 AD3d 1174, 1175-1176 [4th Dept 2018]). Defendant's own submissions raise triable issues of fact, including whether he violated his " common-law duty to see that which he should have seen [as a driver] through the proper use of his senses' " (Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]) and his statutory duty to "exercise due care to avoid colliding with any bicyclist[ or] pedestrian" (Vehicle and Traffic Law § 1146 [a]).
Finally, it is uncontested that plaintiff established as a matter of law on her cross motion that she sustained fractures in her foot as a result of the accident and, therefore, she is entitled to partial summary judgment on the issue of serious injury (see Insurance Law
§ 5102 [d]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court