Uhteg v Kendra (2021 NY Slip Op 07408)





Uhteg v Kendra


2021 NY Slip Op 07408


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1003 CA 21-00424

[*1]ROBERT UHTEG, AS PERSONAL NEEDS AND PROPERTY MANAGEMENT GUARDIAN OF ROBERT E. SCHLEIP, AN INCAPACITATED PERSON, PLAINTIFF-RESPONDENT-APPELLANT,
v
GARY M. KENDRA, FEDERAL EXPRESS CORPORATION, DEFENDANTS-APPELLANTS-RESPONDENTS, AND FEDEX CORPORATION, DEFENDANT. 






BURDEN HAFNER & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
O'BRIEN & FORD, P.C., BUFFALO (CHRISTOPHER J. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered March 19, 2021. The order, among other things, granted the motion of plaintiff insofar as it sought summary judgment on the issues of defendants' negligence and proximate cause, granted the cross motion of defendants insofar as it sought summary judgment on the issues whether Robert E. Schleip was negligent and whether that negligence was a proximate cause of the accident, and denied the cross motion of defendants insofar as it sought leave to amend their answer. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion insofar as it seeks summary judgment on the issues of negligence and proximate cause and by granting the cross motion insofar as it seeks leave to amend the answer, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as personal needs and property management guardian of Robert E. Schleip, an incapacitated person, commenced this action seeking damages for injuries sustained by Robert E. Schleip (pedestrian) as a result of an accident in which the pedestrian, while crossing a street outside of a crosswalk, was struck by a delivery truck operated by defendant Gary M. Kendra during the course of his employment with defendant Federal Express Corporation (collectively, defendants). Defendants appeal and plaintiff cross-appeals from an order that, inter alia, granted plaintiff's motion insofar as it sought summary judgment on the issues of negligence, proximate cause, and serious injury; granted defendants' cross motion insofar as it sought summary judgment determining that the pedestrian was negligent and that such negligence was a proximate cause of the accident; and denied defendants' cross motion insofar as it sought leave to amend the answer to assert an emergency doctrine defense.
Contrary to plaintiff's contention on his cross appeal, Supreme Court properly granted defendants' cross motion to the extent indicated above. Viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every reasonable inference, as we must (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendants established as a matter of law that the pedestrian was negligent for his unexcused violation of Vehicle and Traffic Law § 1152 (a) and that such negligence was a proximate cause of the accident (see Pixtun-Suret v Gevinski, 165 AD3d 715, 715 [2d Dept 2018]; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560 [2d Dept 2015]). The statute provides that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an [*2]unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway" (Vehicle and Traffic Law § 1152 [a]). Here, defendants established that the pedestrian, shortly after leaving a bar where he was served several alcoholic beverages and during a time when it was dusk or dark outside, entered the roadway outside of a crosswalk and, in an attempt to cross two lanes of traffic in each direction and a center turning lane, moved at a swift pace across a street with a 40 miles per hour speed limit despite the presence of oncoming traffic, including the delivery truck and the vehicle of a nonparty witness (see Balliet, 133 AD3d at 560). The pedestrian's violation of the statute was unexcused inasmuch as the pedestrian, instead of using the marked crosswalk that was located farther down the street at an intersection, entered the roadway while moving at a swift pace while traffic was approaching despite having a view of the street and such traffic. Defendants thus established that the pedestrian's negligence was, at minimum, a proximate cause of the accident (see generally id.). Plaintiff failed to raise a triable issue of fact (see id.).
We further conclude, however, that the court properly denied the cross motion insofar as it sought summary judgment dismissing the amended complaint because, contrary to defendants' contention on their appeal, they failed to meet their initial burden of establishing that the pedestrian's negligence was the sole proximate cause of the accident (see Luttrell v Vega, 162 AD3d 1637, 1637 [4th Dept 2018]; Chilinski v Maloney, 158 AD3d 1174, 1175-1176 [4th Dept 2018]). Again viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every reasonable inference (see Luttrell, 162 AD3d at 1637; Esposito, 28 AD3d at 1143), we conclude that defendants' own submissions raised triable issues of fact, including whether Kendra violated his " 'common-law duty to see that which he should have seen [as a driver] through the proper use of his senses' " (Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]) and his statutory duty to "exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway" (Vehicle and Traffic Law § 1146 [a]; see Luttrell, 162 AD3d at 1637-1638). In particular, defendants' submissions, including the deposition testimony of Kendra, the nonparty witness, and a responding police officer, raised triable issues of fact "whether [Kendra] could have seen [the pedestrian] before the accident and failed to exercise due care to avoid the accident" (Sylvester v Velez, 146 AD3d 599, 599 [1st Dept 2017]; see Corina v Boys & Girls Club of Schenectady, Inc., 82 AD3d 1477, 1478 [3d Dept 2011]). Moreover, given the evidence that the pedestrian had already crossed a few lanes of traffic and had done so at a pace faster than a walk but not fully a run, and the testimony suggesting that there might have been some time for Kendra to see the pedestrian before impact, we conclude that, contrary to defendants' assertions, it cannot be said as a matter of law that this is a dart-out case in which Kendra was unable to avoid contact with the pedestrian (compare Green v Hosley, 117 AD3d 1437, 1437-1438 [4th Dept 2014], with Corina, 82 AD3d at 1478-1479).
Defendants also contend on their appeal that the court erred in granting plaintiff's motion insofar as it sought summary judgment on the issues of negligence and proximate cause against defendants because plaintiff's moving papers failed to eliminate all issues of fact with respect to those issues. We agree, and we therefore modify the order accordingly.
First, viewing the evidence in the light most favorable to defendants, as we must in evaluating plaintiff's motion (see Esposito, 28 AD3d at 1143), we conclude that plaintiff's submissions did not establish as a matter of law that Kendra was negligent (see Sauter, 90 AD3d at 1703-1704). According to Kendra's deposition testimony, he was proceeding eastbound toward his next pickup location, i.e., a gas station located on the north side of the street at the upcoming intersection, which would require him to make a left turn either into a connected parking lot prior to the intersection or farther up at the intersection itself. Kendra was traveling in the passing lane at or below the speed limit while constantly scanning the roadway and his mirrors. Then, while starting his approach into the center turning lane, Kendra scanned toward and looked in the general direction of the parking lot for two seconds or less in order to decide where he would make the left turn, at which point he saw the pedestrian quickly moving leftward on the right side of the delivery truck a split second before impact. Viewed in the appropriate light, that testimony does not support plaintiff's contention or the court's conclusion that Kendra took his eyes off the road and was therefore negligent as a matter of law on that basis (cf. Outar v Sumner, 164 AD3d 1356, 1356-1357 [2d Dept 2018]). Rather, given the conditions, as well as the location and pace at which the pedestrian attempted to cross the street, questions of fact remain with respect to Kendra's negligence, including whether he failed to see the pedestrian earlier in his scanning of the roadway (see Corina, 82 AD3d at 1478-1479; see also Sauter, 90 [*3]AD3d at 1703-1704). Second, we conclude that defendants' submissions, including the evidence of the conditions, the nature of Kendra's driving and observations, and the pedestrian's conduct in attempting to cross the street, failed to eliminate the question of fact whether the pedestrian's negligence was the sole proximate cause of the accident, i.e., plaintiff failed to establish as a matter of law that any negligence by Kendra was a proximate cause of the accident (cf. Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]).
Finally, we agree with defendants that the court abused its discretion in denying the cross motion insofar as it sought leave to amend the answer to assert the emergency doctrine defense. We therefore further modify the order accordingly. "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Nahrebeski v Molnar, 286 AD2d 891, 891-892 [4th Dept 2001] [internal quotation marks omitted]; see CPLR 3025 [b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). Here, defendants' proposed amendment is not patently lacking in merit inasmuch as there is evidence that Kendra may have been faced with a "sudden and unforeseen occurrence not of [his] own making" (McGraw v Glowacki, 303 AD2d 968, 969 [4th Dept 2003]; see generally Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]), and the record does not support plaintiff's assertion of prejudice flowing from the proposed amendment (see Greco v Grande, 160 AD3d 1345, 1346 [4th Dept 2018]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court