End of the Hill, LLC v Brock Acres Realty, LLC (2022 NY Slip Op 03602)

End of the Hill, LLC v Brock Acres Realty, LLC

2022 NY Slip Op 03602

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

213 CA 21-00253

[*1]END OF THE HILL, LLC, PLAINTIFF-RESPONDENT,
v
BROCK ACRES REALTY, LLC, SCOTT BROCKLEBANK, TRAVIS BROCKLEBANK AND ONTARIO COUNTY SOIL AND WATER CONSERVATION DISTRICT, DEFENDANTS-APPELLANTS. 

SCOLARO FETTER GRIZANTI & MCGOUGH, P.C., SYRACUSE (CHAIM J. JAFFE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered January 25, 2021. The order denied defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting causes of action for trespass, private nuisance, and the violation of RPAPL 861. The action is based on allegations that defendants Brock Acres Realty, LLC, Scott Brocklebank, and Travis Brocklebank, by their employees, agents, or contractors, while performing work to improve drainage on an adjoining parcel of land in furtherance of a project designed by defendant Ontario County Soil and Water Conservation District, wrongfully entered plaintiff's property and caused damage to, inter alia, trees located thereon. Defendants appeal from an order that denied their motion seeking, inter alia, summary judgment dismissing the complaint.
We conclude that Supreme Court did not err in denying defendants' motion. Defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law by submitting "sufficient evidence to demonstrate the absence of any material issues of fact" with respect to any of plaintiff's causes of action (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Viewing the evidence in the light most favorable to plaintiff and affording plaintiff the benefit of every reasonable inference, as we must on defendants' motion (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Luttrell v Vega, 162 AD3d 1637, 1637 [4th Dept 2018]), we conclude that defendants' own submissions on the motion raised numerous triable questions of material fact with respect to each of plaintiff's causes of action—particularly with respect to whether there was any wrongful entry onto plaintiff's property, an element common to all of the causes of action (cf. Schulz v Dattero, 104 AD3d 831, 833-834 [2d Dept 2013]; see generally Uhteg v Kendra, 200 AD3d 1695, 1697 [4th Dept 2021]). Moreover, it is well settled that "defendants cannot establish . . . entitlement to summary judgment dismissing the complaint [merely] by pointing to alleged gaps in plaintiff's proof" and, here, defendants plainly attempted to do just that by arguing that plaintiff failed to supply evidence in support of its three causes of action (Godlewski v Carthage Cent. School Dist., 83 AD3d 1571, 1572 [4th Dept 2011]; see DeVaul v Erie Ins. Co. of N.Y., 174 AD3d 1520, 1520 [4th Dept 2019]; Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [4th Dept 1995]).
Because defendants failed to meet their initial burden on the motion, the burden never [*2]shifted to plaintiff, and denial of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez, 68 NY2d at 324; see Winegrad, 64 NY2d at 853).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court