■ RICHARD E. FERGUSON et al., Respondents, v ROBERT MANTELL et al., Appellants. [628 NYS2d 286] —Order, Supreme

Court, Bronx County (Barry Salman, J.), entered January 25, 1994, which denied defendant Evelyn Mantell's motion for summary judgment to dismiss the complaint, and judgment, same court (Kenneth Thompson, J.), entered September 12, 1994, which, after a jury trial, found said defendant 100% liable for plaintiff's injuries, unanimously affirmed, without costs.

In light of the questions concerning whether defendant/landlord was in possession and/or control of the instant premises and had a duty to repair and maintain the metal sidewalk grate above her basement, summary judgment was appropriately denied. At trial, the evidence supported the jury verdict that defendant was 100% liable for plaintiff's injuries when he fell through the grate. Indeed, defendant had a key to open the grate to allow meter inspectors access to defendant's basement. As such, the grate clearly qualified as a "special use" for defendants, which in turn obligated them to maintain said grate (*see, e.g., Hughes v City of New York*, 236 NYS2d 446, *affd* 25 AD2d 617, *lv denied* 18 NY2d 577). As the evidence demonstrates that defendants were negligent in maintaining the grate and thereby failed to prevent the accident, defendants' liability was clearly established.

It was proper for the trial court to permit the expert to testify about the sidewalk grate, its deterioration and how the deterioration could and should have been prevented. Such information was outside the experience and knowledge of the average juror (*see, Vigilant Ins. Co. v Rippner Elec. Constr. Corp.*, 196 AD2d 494, 496). We also note that plaintiff's response to defendant's "expert demand" notice satisfactorily disclosed the required information about the expert and was not prejudicially untimely.

We have considered all other arguments raised by defendant and find them to be meritless. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.