■ In the Matter of COUNTY OF WESTCHESTER et al., Appellants, v KATHERINE WINSTEAD, Respondent. [647 NYS2d 536] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Westchester County (Rabin, J.H.O.), dated October 13, 1995, which *inter alia,* denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The respondent was allegedly injured while a passenger on a bus owned by the County of Westchester when it was struck by a "bobcat"—a machine used for plowing snow or in connection with landscaping work. The bobcat was uninsured, and the respondent served a demand for uninsured motorist arbitration upon the petitioners. The petitioners commenced the instant proceeding to stay the arbitration on the grounds, *inter alia,* that the bobcat was neither a "motor vehicle", nor was it being operated upon a "public highway", as those terms are defined in the Vehicle and Traffic Law. Following a hearing, the court concluded, contrary to the petitioners' contentions, that the bobcat was, in fact, a motor vehicle which was being operated upon a public highway at the time of the accident, and denied the petition. We affirm.

Vehicle and Traffic Law § 125 defines motor vehicle, in pertinent part, as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power". Vehicle and Traffic Law § 134 defines the term "public highway" as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way". A sidewalk is within the ambit of this section *(see, People v Marcus,* 19 AD2d 813).

At the hearing the owner-operator of the bobcat described it as a four-wheel-drive machine weighing approximately 3500 pounds, and powered by a diesel motor. He further testified that at the time of the accident the motor was running, and he was moving the machine "on the sidewalk" when it "slid right into the side of the bus", which was stopped on the adjacent street. Under these circumstances, the court correctly concluded that the bobcat was a "motor vehicle" being operated upon a "public highway" at the time of the accident *(see generally, Matter of Nationwide Mut. Ins. Co. v Riccadulli,* 183 AD2d 111; *People v Ostermeier,* 118 Misc 2d 68).

Accordingly, since the respondent's injuries allegedly arose as a result of an accident involving the operation of an uninsured motor vehicle, the court properly denied the petition to stay arbitration (see, Insurance Law § 3420 [f] [1]). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.