■ PETER J. SCARSONE et al., Appellants, v VILLAGE OF CELORON, Respondent. [654 NYS2d 84] —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order of Supreme Court granting defendant's motion for summary judgment dismissing the complaint on the ground that defendant had not received written notice of the allegedly defective sidewalk, as required by CPLR 9804, Village Law § 6-628 and section 21-1 of the Code and Zoning Laws of the Village of Celoron. The court properly granted defendant's motion. We reject plaintiffs' argument that the omission of the word "sidewalk" from the Village ordinance eliminates any requirement of prior written notice. The Village ordinance, like the statutes, lists a highway as one of the locations concerning which written notice of a defect must be given. The courts consistently have held, in this and analogous contexts, that the terms "highway" and "street" include sidewalks (*see, Donnelly v Village of Perry*, 88 AD2d 764, 765; *see also, Combs v Incorporated Vil. of Freeport*, 139 AD2d 688, 689; *Williams v State of New York*, 34 AD2d 101, 104). Further, the ordinance specifically refers to "any other property owned, operated or maintained by the Village," which reference must include Village sidewalks. Because the undisputed evidence on the motion was that the Village had not received prior written notice, an essential element of plaintiffs' cause of action (*see, Katz v City of New York*, 87 NY2d 241, 243; *Poirier v City of Schenectady*, 85 NY2d 310, 313-314), the court properly granted defendant summary judgment dismissing the complaint. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.— Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.