■ BRADLEY MOLL, Appellant, v BRANDWOOD, LLC, Respondent and Third-Party Plaintiff. BRENON BOYS, INC., Doing Business as LEO BRENON TOP SOIL, Third-Party Defendant-Respondent. [890 NYS2d 223]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 17, 2008 in a personal injury action. The order granted the motions of defendant and third-party defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his foot was caught in a soil shredding machine owned by his employer, third-party defendant. The soil had been excavated in connection with a housing development construction project on property owned by defendant/third-party plaintiff (hereafter, defendant), and third-party defendant had purchased the soil from defendant. A contractor hired by defendant had placed the soil in piles, and third-party defendant used its front loader to load the soil into its soil shredder. The processed soil was then removed from the site in third-party defendant's trucks and sold as top soil. Plaintiff was employed as a truck driver, and one of his duties was to stand on a platform and observe the soil that was placed into the hopper to be shredded, removing any objects that should not be in the shredding machine. While performing that duty, plaintiff was injured when his foot became caught between the conveyor belt and the drum of the shredding machine. We note at the outset that plaintiff does not contend on appeal that Supreme Court erred in granting those parts of the motions of defendant and third-party defendant for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, and he thus has abandoned any issues concerning the propriety of the order with respect to those causes of action (see *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

With respect to plaintiff's remaining cause of action, alleging the violation of Labor Law § 241 (6), we conclude that the court properly granted those parts of the motions of defendant and third-party defendant for summary judgment dismissing that cause of action. Pursuant to section 241 (6), "[a]ll areas in which construction, excavation or demolition work is being performed shall be so . . . operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." Defendant and third-party defendant established that plaintiff was not employed in construction or excavation work (see 12 NYCRR 23-1.4 [b] [13], [19]-[21]) but, rather, he was employed in con-

nection with the removal of top soil from the site, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, although construction work was being performed on defendant's property, plaintiff's work in connection with the removal of top soil from the property was not part of that construction work (*see Piazza v Shaw Contract Flooring Servs., Inc.*, 39 AD3d 1218, 1219 [2007]). Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.