Calvert v Duggan & Duggan Gen. Contr., Inc. (2018 NY Slip Op 01841)





Calvert v Duggan & Duggan Gen. Contr., Inc.


2018 NY Slip Op 01841


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1494 CA 17-00883

[*1]CHRISTOPHER CALVERT, PLAINTIFF-RESPONDENT-APPELLANT,
v
DUGGAN & DUGGAN GENERAL CONTRACTOR, INC., DEFENDANT-APPELLANT-RESPONDENT, ET AL., DEFENDANT. 






MURA & STORM, PLLC, BUFFALO (KRIS E. LAWRENCE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (MICHAEL SZCZYGIEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered December 20, 2016. The order granted the motion of defendant Duggan & Duggan General Contractor, Inc., for summary judgment to the extent of dismissing plaintiff's third, fourth and fifth causes of action and otherwise denied the motion. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the amended complaint against defendant Duggan & Duggan General Contractor, Inc., and as modified the order is affirmed without costs.
Memorandum: Duggan & Duggan General Contractor, Inc. (defendant) appeals from an order denying in part its motion for summary judgment seeking dismissal of the amended complaint against it. Specifically, Supreme Court denied the motion with respect to the first and second causes of action, which assert common-law negligence and the violation of Labor Law § 200 against defendant, respectively. Plaintiff cross-appeals from the order insofar as it granted those parts of defendant's motion with respect to the fourth and fifth causes of action, which assert violations of Labor Law § 241 (6) and the Vehicle and Traffic Law against defendant, respectively. Plaintiff raises no issues on his cross appeal with respect to Labor Law § 240 (1) and thus is deemed to have abandoned any issues with respect to the court's dismissal of the third cause of action (see Hale v Odd Fellow & Rebekah Health Care Facility, 302 AD2d 948, 949 [4th Dept 2003]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Plaintiff commenced this action seeking damages for injuries he sustained when a coworker ran over him with a skid steer while they were performing landscaping work in preparation for the opening of an entertainment complex, Good Times of Olean (GTO). Defendant was the general contractor for the GTO construction project, which included the destruction of existing structures and the construction of restaurants, batting cages, and volleyball courts. Plaintiff and his coworker were employed by GTO and did not work for defendant. On the day of the accident, the coworker was using a skid steer that was owned by defendant to transport topsoil and mulch, and plaintiff was spreading topsoil on an island bed in the parking lot.
We agree with defendant that the court erred in denying those parts of its motion seeking summary judgment dismissing the causes of action against it based on common-law negligence and the violation of Labor Law § 200, and we therefore modify the order accordingly. Those causes of action should have been dismissed insofar as they allege that defendant failed to [*2]provide a safe place to work, inasmuch as the record establishes that plaintiff's accident resulted from the manner in which the work was performed by the coworker, and not from a defective condition on the premises (see Poole v Ogiejko, 62 AD3d 977, 977-978 [2d Dept 2009]).
Those causes of action also should have been dismissed insofar as they allege that defendant is liable because it had supervisory control over the work that was being performed by the coworker (see Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1271-1272 [4th Dept 2014]). Here, the evidence submitted by defendant established that plaintiff and the coworker were both employed by GTO, not by defendant. They were performing landscaping work in the parking lot of the complex, and were not involved in the construction work that was being performed by defendant. Defendant did not give any instructions to plaintiff and the coworker about what work to perform or how to perform their work, and no one from GTO was required to use the skid steer to perform his or her duties. The coworker chose to use the skid steer to move topsoil, and defendant permitted him to do so for such use. Although we are mindful that there might be circumstances in which a party may be said to exercise control over the manner of work based on the provision of the equipment to be used, we conclude that defendant did not exercise such control in this case (see Hutchins v Finch, Pruyn & Co., 267 AD2d 809, 810 [3d Dept 1999]). The fact that defendant allowed a GTO employee to use its equipment to perform work on the grounds did not give defendant supervisory control over the manner in which the landscaping work was being performed by the GTO employees. To the contrary, the record establishes that defendant exercised no supervisory control over the landscaping work that was being performed by plaintiff and the coworker and, thus, defendant cannot be held liable for any injuries that were caused by the manner in which that work was being performed.
We further agree with defendant that the common-law negligence cause of action should have been dismissed insofar as it alleges that defendant was negligent in entrusting the skid steer to the coworker and permitting him to use it without adequate training. Defendant met its initial burden by establishing that it did not "possess[ ] any special knowledge concerning a characteristic or condition peculiar to [the coworker] that rendered his use of [the skid steer] unreasonably dangerous" (Monette v Trummer, 105 AD3d 1328, 1330 [4th Dept 2013], affd 22 NY3d 944 [2013]), and plaintiff failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although plaintiff's expert opined that, "without adequate training," a skid steer is "an unreasonably dangerous machine," he did not define what constitutes "adequate training," and he did not state that the coworker's past training in operating heavy machinery was inadequate.
Turning to plaintiff's cross appeal, we reject plaintiff's contention that the court erred in granting that part of defendant's motion for summary judgment dismissing the fourth cause of action, asserting the violation of Labor Law § 241 (6). Although it is undisputed that construction work was being performed by defendant at the complex where plaintiff was injured, plaintiff and the coworker, both employees of GTO and not of defendant, were performing landscaping work in the parking lot that was unrelated to the construction work (see Spadola v 260/261 Madison Equities Corp., 19 AD3d 321, 323 [1st Dept 2005], lv denied 6 NY3d 770 [2006]; see also Crossett v Wing Farm, Inc., 79 AD3d 1334, 1336-1337 [3d Dept 2010]), and the landscaping work being performed by plaintiff and the coworker was not itself "[c]onstruction work" or "[e]xcavation work" as those terms are defined by 12 NYCRR 23-1.4 (b) (13) and (19) (see Moll v Brandwood, LLC, 67 AD3d 1364, 1365-1366 [4th Dept 2009]). Moreover, defendant was not an owner, contractor, or an agent with respect to the landscaping work that was being performed (see generally Labor Law § 241 [6]).
Plaintiff further contends that the court erred in granting that part of defendant's motion for summary judgment dismissing the fifth cause of action. As amplified by the bill of particulars, that cause of action alleges that defendant is vicariously liable for the coworker's negligent acts under Vehicle and Traffic Law § 388. We reject that contention. Heavy equipment such as a skid steer may constitute a "[m]otor vehicle[]" (§ 125) for purposes of the statute if, at the time of the accident, the motor is running and the operator is moving the machine on a "[p]ublic highway" (§ 134; Couture v Miskovitz, 102 AD3d 723, 723-724 [2d Dept 2013]; Matter of County of Westchester v Winstead, 231 AD2d 630, 630 [2d Dept 1996]). Here, defendant met its initial burden by establishing that it was not liable to plaintiff under Vehicle and Traffic Law § 388 because, at the time of the accident, the skid steer was being operated in a [*3]parking lot that was not open to the public, rather than on a "[p]ublic highway" as that term is defined in Vehicle and Traffic Law § 134. Thus, the machine was not a "[m]otor vehicle[]" for purposes of liability under section 388 (§§ 125, 388 [2]; see People v Thew, 44 NY2d 681, 682 [1978]), and plaintiff failed to raise an issue of fact
(see Zuckerman, 49 NY2d at 562).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court