On the Water Prods., LLC v Glynos (2022 NY Slip Op 07320)

On the Water Prods., LLC v Glynos

2022 NY Slip Op 07320

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

728 CA 22-00201

[*1]ON THE WATER PRODUCTIONS, LLC, PLAINTIFF-RESPONDENT,
v
NICHOLAS GLYNOS AND RYAN EVANS, DEFENDANTS-APPELLANTS. 

LAW OFFICE OF SILVERBERG AND SILVERBERG, LLP, BUFFALO (DAVID K. SILVERBERG OF COUNSEL), FOR DEFENDANT-APPELLANT NICHOLAS GLYNOS.
STAMM LAW FIRM, WILLIAMSVILLE (BRADLEY J. STAMM OF COUNSEL), FOR DEFENDANT-APPELLANT RYAN EVANS. 
BARCLAY DAMON, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 10, 2021. The order, among other things, granted plaintiff's motion for summary judgment and denied the cross motion of defendant Ryan Evans for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking various relief arising from defendant Nicholas Glynos's alleged breach of a contract to sell plaintiff a 53-foot yacht (vessel) and the alleged conversion of the vessel by Glynos and defendant Ryan Evans, the sales broker who arranged the transaction. The second amended complaint seeks specific performance of the parties' oral contract and damages for the alleged conversion of the vessel, as well as an award of punitive damages and attorneys' fees. In his answer to the second amended complaint, Glynos asserted a counterclaim for breach of contract, alleging that plaintiff still owes a balance of $108,281.18 on the parties' oral contract, while Evans, in his answer to the second amended complaint, asserted various counterclaims based on plaintiff's alleged failure to pay his commission.
Following discovery, plaintiff moved for, in effect, partial summary judgment on liability on the breach of contract and conversion causes of action in the second amended complaint, and Evans cross-moved for summary judgment on his counterclaims. Supreme Court granted the motion and denied the cross motion. Defendants separately appeal. For the reasons that follow, we modify the order by denying plaintiff's motion and otherwise affirm.
In granting plaintiff's motion, the court determined that it was compelled to deem admitted the assertions set forth in plaintiff's statement of material facts because neither defendant submitted a counter statement of undisputed facts pursuant to the Uniform Rules for the New York State Trial Courts (see 22 NYCRR 202.8-g [b], [former (c)]). That was error. Although the court had discretion under section 202.8-g (former [c]) to deem the assertions in plaintiff's statement of material facts admitted, it was not required to do so (see Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-851 [3d Dept 2022]; see also Smith v MDA Consulting Engrs., PLLC, — AD3d &mdash, 2022 NY Slip Op 06389, *1 [4th Dept 2022]). "[B]lind adherence to the procedure set forth in 22 NYCRR 202.8-g" was not mandated (Leberman, 207 AD3d at 851 [internal quotation marks omitted]).
Here, considering that plaintiff's statement of material facts did not fully comply with 22 NYCRR 202.8-g (d) and ignored the pivotal factual dispute arising from discovery, we conclude that, although it would have been better practice for defendants to "submit a paragraph-by-paragraph response to plaintiff's statement" (Al Sari v Alishaev Bros., Inc., 121 AD3d 506, 507 [1st Dept 2014]), "the court abused its discretion in deeming the entire statement admitted" (Matter of Crouse Health Sys., Inc. v City of Syracuse, 126 AD3d 1336, 1338 [4th Dept 2015]).
In light of that determination, we conclude that plaintiff failed to meet its initial burden on its motion. Plaintiff submitted evidence establishing that it paid $529,896.01 toward the purchase of the vessel, which is far more than the renegotiated price of $399,000 that was orally agreed upon by the parties during a meeting at a pizza parlor in Ohio in the spring of 2015. That amount consists of payments made directly by plaintiff to Glynos and Evans, as well as payments made by plaintiff on Glynos's behalf to a bank that had a lien on the vessel arising from a secured loan extended to Glynos.
In further support of the motion, however, plaintiff submitted the deposition testimony of Glynos and Evans. At his deposition, Glynos testified that plaintiff's authorized representative agreed during the meeting at the pizza parlor that none of the payments made by plaintiff prior to that date would be credited toward the new purchase price. According to Glynos, plaintiff's representative said at the meeting that his wife, who is plaintiff's owner, "wants that boat, whatever it costs," and that the representative agreed that the only payments that plaintiff would get credit for were those made on the boat loan to the bank. All other prior payments were "null and void," with the parties starting "all fresh" with the new purchase price of $399,000, Glynos testified. Evans offered similar testimony during his deposition. Plaintiff's representative, on the other hand, vehemently denied agreeing to any forfeiture of prior payments. "I'd have to be an idiot to allow any payments not to be applied towards the purchase," he testified at his deposition.
If plaintiff's representative agreed to forfeit the money plaintiff paid for the vessel prior to the pizza parlor meeting, as defendants testified in their depositions, then plaintiff still owes Glynos money on the $399,000 contract—approximately $108,000, according to Glynos—and defendants' repossession of the vessel may therefore have been lawful, or at least not a conversion. Although the veracity of defendants' testimony in that regard is called into question by other evidence submitted by plaintiff on its motion, we cannot conclude that the testimony is incredible as a matter of law, i.e., "manifestly untrue, physically impossible, contrary to experience or self-contradictory" (Lewis v Carrols LLC, 158 AD3d 1055, 1056-1057 [4th Dept 2018] [internal quotation marks omitted]; see Key Bank of N.Y. v Dembs, 244 AD2d 1000, 1000-1001 [4th Dept 1997]). The conflict in deposition testimony regarding whether plaintiff's representative agreed to the forfeiture of prior payments "raises a question of credibility to be resolved at trial" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1470 [4th Dept 2013] [internal quotation marks omitted]), necessitating the denial of plaintiff's motion regardless of the sufficiency of the opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, we conclude that the court properly denied the cross motion of Evans inasmuch as he failed to meet his initial burden of establishing entitlement to judgment as a matter of law on his counterclaims (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court