Hart v City of Buffalo (2023 NY Slip Op 03984)

Hart v City of Buffalo

2023 NY Slip Op 03984

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

188 CA 22-00289

[*1]BARBARA HART, PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO, ET AL., DEFENDANTS, AND ERIE COUNTY, DEFENDANT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO (ERIN E. MOLISANI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 20, 2022. The order, insofar as appealed from, granted the motion of defendant Erie County for summary judgment, dismissed the complaint and all cross-claims against that defendant, and denied plaintiff's motion for an extension of time to provide a counter statement of undisputed facts and for leave to amend her bill of particulars. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law and in the exercise of discretion without costs, defendant Erie County's motion is denied, the complaint and any cross-claims are reinstated against that defendant, and plaintiff's motion is granted in part in accordance with the following memorandum: Plaintiff was returning to work at a courthouse owned by defendant Erie County (County) and located within defendant City of Buffalo when, on a sidewalk adjacent to the courthouse along a public street, her right foot went into a hole of deteriorated concrete in the sidewalk next to a metal air intake grate for the courthouse, which caused her to fall onto the grate and allegedly sustain injuries. Plaintiff timely served a notice of claim against the County, among others, and thereafter commenced this negligence action against several defendants, including the County. In its answer, the County, among other things, asserted that it did not receive prior written notice of the alleged defective condition as required by Local Law No. 3-2004 of the County of Erie. Following an exchange of bills of particulars and discovery, the County moved, in pertinent part, for summary judgment pursuant to CPLR 3212 dismissing the complaint and all cross-claims against it. Plaintiff opposed the motion and moved for an order pursuant to CPLR 2004 granting an extension of time to provide a counter statement of undisputed facts and, if necessary, an order pursuant to CPLR 3025 (b) granting leave to amend her bill of particulars. Supreme Court, inter alia, granted the County's motion insofar as it sought summary judgment dismissing the complaint and all cross-claims against it and denied plaintiff's motion, and plaintiff now appeals from the order to that extent.
Plaintiff contends that the court erred in concluding that she was obligated to establish, as a condition precedent to suit, that the County received prior written notice of the defective sidewalk because, contrary to the court's determination and the County's assertion, pursuant to Highway Law § 139 (2) and the governing case law, Local Law No. 3-2004 must be deemed to incorporate a provision allowing an action to proceed, even in the absence of prior written notice, if the County had constructive notice of the defect. We agree.
Highway Law § 139 (2) provides, in relevant part, that notwithstanding the provisions in subdivision one of the statute imposing liability on a county for injuries caused by a defective condition existing because of the county's negligence in a road or highway for which the county is responsible, "a county may, by local law duly enacted, provide that no civil action shall be [*2]maintained against such county for damages or injuries to person or property sustained by reason of any highway . . . being defective . . . unless written notice of such defective . . . condition was actually given to the clerk of the governing body of such county or the county highway superintendent; and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of, or, in the absence of such notice, unless such defective . . . condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (emphasis added). In the time since the legislature amended Highway Law § 139 to include subdivision two (see L 1982, ch 722, § 1; see also Senate-Assembly Mem in Support, Bill Jacket, L 1982, ch 722; Governor's Approval Mem, Bill Jacket, L 1982, ch 722), it has become "well established that a county's local law containing a notice requirement 'must be interpreted in conjunction with Highway Law § 139 (2) to permit an action against the [c]ounty based on constructive notice of a dangerous highway condition' " (Horan v Town of Tonawanda, 83 AD3d 1565, 1566 [4th Dept 2011]; see Pasternak v County of Chenango, 156 AD3d 1007, 1008 [3d Dept 2017]; Rauschenbach v County of Nassau, 128 AD3d 661, 662 [2d Dept 2015]; Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d 676, 677 [2d Dept 2009]; DeHoust v Aakjar, 290 AD2d 927, 927-928 [3d Dept 2002], lv dismissed 98 NY2d 692 [2002]; Tanner W. v County of Onondaga, 225 AD2d 1074, 1074 [4th Dept 1996]; Carlino v City of Albany, 118 AD2d 928, 929-930 [3d Dept 1986], lv denied 68 NY2d 606 [1986]; see also 1B NY PJI3d 2:225A at 683-684 [2023]). "The rationale underlying th[e] case[ law] is that a county's local law cannot supersede a general state law" such as Highway Law § 139 (2) (Horan, 83 AD3d at 1566; cf. Municipal Home Rule Law § 10 [1] [ii] [d] [3]). Consequently, "where Highway Law § 139 is applicable[,] . . . [e]ven if a local law exists requiring prior written notice of a defect, a civil action may be commenced absent such notice against a [county] for injuries resulting from a defect in a highway under its care if the defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Pasternak, 156 AD3d at 1007-1008 [internal quotation marks omitted]).
Here, the County's prior written notice law provides, in pertinent part, that "[n]o civil action shall be maintained against the County . . . for damages, injuries or death to person or property sustained by reason of any street, highway, bridge, culvert, sidewalk, crosswalk, or highway marking, owned, operated or maintained by [the] County, being defective . . . unless written notice is given to the Erie County Commissioner of Public Works of such defective . . . condition[,] . . . and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect . . . complained of" (Local Law No. 3-2004 [3]). Although Local Law No. 3-2004 does not, by its terms, allow a plaintiff to maintain an action in the absence of written notice where the County had constructive notice of the defect, "[t]he local law . . . must be interpreted in conjunction with Highway Law § 139 (2) to permit an action against the County based on constructive notice of a dangerous highway condition" (Tanner W., 225 AD2d at 1074).
Nonetheless, while Highway Law § 139 (2) "provides that, as a matter of law, constructive notice of a highway defect . . . is an exception to a[ ] . . . prior written notice requirement" (Napolitano, 65 AD3d at 677), the statute must still apply to the facts of the case in order for an injured party to effectively invoke that exception (see generally Pasternak, 156 AD3d at 1007-1008). In recognition thereof, plaintiff contends that the constructive notice provision of Highway Law § 139 (2) applies here because the term "highway" as used in the statute includes sidewalks. We again agree with plaintiff.
"It is well settled that, [w]hen presented with a question of statutory interpretation, [a court's] primary consideration is to ascertain and give effect to the intention of the [l]egislature" (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 603 [2021] [internal quotation marks omitted]; see Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008]; Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]). " 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011], quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 559 [2021]; Estate of Youngjohn, 36 NY3d at 603). Nonetheless, "[a]lthough the statutory language is generally the best indication of the legislature's intent, the legislative history of an enactment [*3]may also be relevant and is not to be ignored, even if words be clear" (Altman v 285 W. Fourth LLC, 31 NY3d 178, 185 [2018], rearg denied 31 NY3d 1136 [2018] [internal quotation marks omitted]; see CIT Bank N.A., 36 NY3d at 559; Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507 [2010]; Riley v County of Broome, 95 NY2d 455, 463 [2000]). Thus, "inquiry should be made into the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history" (Nostrom, 15 NY3d at 507 [internal quotation marks omitted]; see CIT Bank N.A., 36 NY3d at 559). In all events, "[c]ourts are guided in [their] analysis by the familiar principle that a statute . . . must be construed as a whole and that its various sections must be considered together and with reference to each other" (Estate of Youngjohn, 36 NY3d at 603 [internal quotation marks omitted]). "Courts should 'give [a] statute a sensible and practical over-all construction, which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions' " (id. at 603-604).
Here, starting with the statutory text, Highway Law § 139 (1) imposes liability on a county for injuries arising from defective or dangerous conditions on, inter alia, any "highway" for which it has a duty to repair or maintain, and Highway Law § 139 (2) further provides in relevant part that, even in the absence of prior written notice of the defective or dangerous "highway" condition, an action may be maintained if the county had constructive notice of the condition. In terms of statutory definition, the Highway Law provides, with one further specific addition lacking any particular relevance here, that the word "highway" within the meaning of the statute "shall be deemed to include necessary sluices, drains, ditches, waterways, embankments, retaining walls and culverts having a [particular] width . . . , and also the approaches of any bridge or culvert beginning at the back of the abutments" (§ 2 [4]). The definitional provision, by employing the word "include" and then referring to water-related items, clearly does not limit the meaning of the term "highway" and instead simply ensures that abutting property related to water management would be included in the definition (see generally American Surety Co. of N. Y. v Marotta, 287 US 513, 517 [1933]). Moreover, "where the legislature includes particular language in one section of a statute but omits it in another section of the same [statute], it is generally presumed that [the legislature] acts intentionally and purposely in the disparate inclusion or exclusion" (Rivers v Birnbaum, 102 AD3d 26, 36 [2d Dept 2012] [internal quotation marks omitted]; see INS v Cardoza-Fonseca, 480 US 421, 432 [1987]). The legislature did precisely that here inasmuch as, in a separate article of the Highway Law dealing with town highway improvement programs, the legislature specifically excluded sidewalks from a nearly identical definition of the term "highway" for purposes of that article (see § 219 [8]). The fact that the legislature did not similarly make the same exclusion with respect to the article of the Highway Law related to counties implicated here (see §§ 2, 110) indicates that the legislature did not intend to exclude sidewalks from the definition of the term "highway" for purposes of Highway Law § 139.
Additional principles of statutory interpretation and related case law demonstrate that the term "highway" affirmatively includes sidewalks for purposes of Highway Law § 139. As plaintiff correctly points out, the legislature is "presumed to be aware of the decisional and statute law in existence at the time of an enactment" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169 [1985]). At the time the legislature enacted Highway Law § 139 (2), decisional law was clear that " '[a] highway is not limited to that portion traveled by vehicles, but also includes a sidewalk' " (Donnelly v Village of Perry, 88 AD2d 764, 765 [4th Dept 1982], quoting Williams v State of New York, 34 AD2d 101, 104 [3d Dept 1970]). Subsequent case law has confirmed that understanding of the term "highway." For example, where a local prior written notice ordinance listed a "highway" as covered by the ordinance but omitted the word "sidewalk," we rejected the argument that the ordinance excluded sidewalks by reasoning, in part, that "[t]he courts consistently have held, in this and analogous contexts, that the terms 'highway' and 'street' include sidewalks" (Scarsone v Village of Celoron, 236 AD2d 870, 870 [4th Dept 1997]; see also Ernest v Red Cr. Cent. School Dist., 251 AD2d 992, 993 [4th Dept 1998], mod on other grounds 93 NY2d 664 [1999], rearg denied 93 NY2d 1042 [1999]).
Based on the foregoing, we conclude that the constructive notice provision of Highway Law § 139 (2) necessarily extends to sidewalk defects. We decline to follow the contrary interpretation advanced by the Second Department because, in our view, that interpretation is not persuasive (cf. Zash v County of Nassau, 171 AD2d 743, 744 [2d Dept 1991]). The Second Department reasoned that the omission of the word "sidewalk" from Highway Law § 139 (2) meant that the legislature did not intend to extend a county's liability for injuries resulting from [*4]defective sidewalks by allowing for constructive notice thereof. However, as previously discussed, that view of the statute is unwarranted because, at the time the legislature enacted Highway Law
§ 139 (2), it was established in decisional law—of which the legislature was presumed to be aware—that the generic term "highway" included sidewalks. Thus, there was no need for the legislature to alter the retained language of Highway Law § 139 in order to cover sidewalks. Moreover, the Second Department's view that the legislature intended to make a distinction between the law applicable to counties and that applicable to cities, towns, and villages (see Zash, 171 AD2d at 744) is belied by the legislative history establishing that the legislature intended to give the same powers and responsibilities to counties that were then provided to cities, towns, and villages (see Senate-Assembly Mem in Support, Bill Jacket, L 1982, ch 722). Lastly on this point, we note that if the term "highway" does not include sidewalks for purposes of the statute, then local county laws like Local Law No. 3-2004 that expressly require prior written notice of defective sidewalk conditions would arguably be inconsistent with the general law embodied in Highway Law § 139 (2), which, by its terms, authorizes counties to enact prior written notice requirements only with respect to defects in a "road, highway, bridge, or culvert" (see generally NY Const, art IX, § 2 [c]; Holt v County of Tioga, 56 NY2d 414, 418 [1982]). Stated conversely, if the term "highway" is broad enough to include sidewalks for purposes of authorizing counties to limit their liability through prior written notice laws, the term must apply equally to the legislature's imposition of liability for defects of which counties have constructive notice.
The County nonetheless contends that, notwithstanding the case law establishing that the term "highway" encompasses sidewalks, Highway Law § 139 is not implicated at all in this case because there is no evidentiary showing in the record that the County is responsible for maintenance of the street abutting the sidewalk upon which plaintiff was allegedly injured. That alternative ground for affirmance, however, is not properly before us inasmuch as the County raises it for the first time on appeal (see Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC, 178 AD3d 1374, 1375-1376 [4th Dept 2019]; Breau v Burdick, 166 AD3d 1545, 1549 [4th Dept 2018]; Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]).
Given that Highway Law § 139 (2) applies to sidewalks, and that the Charter of the City of Buffalo (Charter) § 413-50 (A) charges an owner of premises abutting a public street with the duty to maintain and repair the sidewalk (see Capretto v City of Buffalo, 124 AD3d 1304, 1309 [4th Dept 2015]), we conclude that the County, in order to establish its entitlement to summary judgment, was required to show that it had no constructive notice of the alleged sidewalk defect at issue here (see Pasternak, 156 AD3d at 1008). The County failed to meet that burden. Instead, the County contended—and the court subsequently agreed—that its submissions established that it had not received prior written notice and that any constructive notice of the sidewalk defect was simply irrelevant as a matter of law. Thus, "while the [County] established [its] entitlement to summary judgment on the issue of prior written notice by submitting evidence that [it] had no prior written notice of the [sidewalk] defect that allegedly caused the accident, [it] failed to submit any admissible evidence [to establish that it lacked] constructive notice of the alleged defect" (Napolitano, 65 AD3d at 677-678). To the contrary, the County's own submissions suggest that the alleged sidewalk defect "existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Highway Law § 139 [2]) inasmuch as its expert architect opined that the deterioration of the sidewalk occurred over time from public use. In any event, even if the burden shifted to plaintiff, her submissions would be adequate to raise an issue of fact based on the testimony of the County's employees regarding the extent and duration of the sidewalk deterioration and the affidavit of plaintiff's expert architect, who opined that the concrete deteriorated over a period of time due to various physical factors and that the defect was present for a sufficient length of time for the County to have been aware of and remedy it (see Rauschenbach, 128 AD3d at 662).
In a final attempt to avoid reversal on that issue, the County asserts that plaintiff was required, and failed, to allege a "violation" of Highway Law § 139 in her bill of particulars, and thus she could not properly raise that statute in opposition to the County's motion. We agree with plaintiff, however, that she was not required to include Highway Law § 139 in her bill of particulars. As demonstrated above, it is well established that a county's local law containing a [*5]prior written notice requirement must be interpreted in conjunction with Highway Law § 139 (2) to permit an action against the county based on constructive notice, and therefore a constructive notice provision is deemed, as a matter of law, to be part of the County's Local Law No. 3-2004 (see e.g. Horan, 83 AD3d at 1566; Napolitano, 65 AD3d at 677). Here, plaintiff appropriately alleged in her bill of particulars that the County was negligent in allowing the dangerous condition to exist when, in the exercise of reasonable care, it could and should have had knowledge of the condition. Plaintiff further alleged that, although she did not believe that notice was a prerequisite to liability, the alleged sidewalk defect existed for a sufficient length of time to give the County constructive notice thereof. We thus conclude that, by specifically alleging that the County's liability was premised on its constructive notice of the sidewalk defect, plaintiff's response to the County's demand "satisfied the purpose of the bill of particulars, i.e., to amplify the pleadings, limit proof, and prevent surprise at trial" (Stidham v Clerk, 57 AD3d 1369, 1370 [4th Dept 2008] [internal quotation marks omitted]).
Plaintiff further contends that, independent of the exception for constructive notice, the lack of prior written notice does not entitle the County to summary judgment because there is a question of fact whether the special use exception applies. Once again, we agree with plaintiff.
" 'Prior written notice of a defective or unsafe condition of a road or [sidewalk] is a condition precedent to an action against a municipality that has enacted a prior notification law' " (Horst v City of Syracuse, 191 AD3d 1297, 1297 [4th Dept 2021]; see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Katz v City of New York, 87 NY2d 241, 243 [1995]). "Such laws reflect a legislative judgment to modify the duty of care owed by a locality in order to address 'the vexing problem of municipal street and sidewalk liability' " (Amabile, 93 NY2d at 473, quoting Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633 [1974]). Consequently, "[u]nless the injured party can demonstrate that a municipality failed or neglected to remedy a defect within a reasonable time after receipt of written notice, a municipality is excused from liability absent proof of prior written notice or an exception thereto" (Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]; see Barry, 35 NY2d at 632-633).
"With respect to the parties' respective burdens on a municipal defendant's motion for summary judgment asserting the absence of the subject condition precedent, the Court of Appeals has made clear that '[w]here the [municipality] establishes that it lacked prior written notice under [a prior notification law], the burden shifts to the plaintiff to demonstrate [the existence of a triable issue of fact as to the requisite written notice or] the applicability of one of [the] two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality' " (Horst, 191 AD3d at 1297-1298, quoting Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]). Stated differently, "[i]f the municipality establishes its prima facie entitlement to summary judgment based on the lack of prior written notice, the burden shifts to the plaintiff to come forward with evidentiary proof in admissible form demonstrating the existence of material issues of fact which require a trial of the action" (Horst, 191 AD3d at 1298-1299 [internal quotation marks omitted]). "Such material issues of fact could relate to receipt of the requisite written notice itself or to the applicability of either of the judicially recognized exceptions to the statutory protection afforded to the municipality by the prior notification law" (id.; see Groninger, 17 NY3d at 129; Yarborough, 10 NY3d at 728; Amabile, 93 NY2d at 474-476).
The threshold issue here is whether, as the court held, plaintiff is precluded from raising the special use exception in opposition to the County's motion for summary judgment premised on lack of prior written notice because plaintiff did not plead that "theory of liability" in her notice of claim, complaint, or bill of particulars. Although we have case law standing for the proposition that a plaintiff cannot raise the exceptions to a prior written notice requirement in opposition to a defendant's motion for summary judgment where, as here, neither ostensible "theory of liability" is included in the plaintiff's pleadings (see Scovazzo v Town of Tonawanda, 83 AD3d 1600, 1601 [4th Dept 2011]; Keeler v City of Syracuse, 143 AD2d 518, 518-519 [4th Dept 1988]), we now conclude that those cases were wrongly decided and should no longer be followed to that extent.
The abovementioned cases were premised on the incorrect assumption that invocation of [*6]the exceptions to a prior written notice requirement in opposition to a motion for summary judgment constitutes the assertion of new theories of liability, which cannot defeat an otherwise proper motion for summary judgment (see generally Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]; Walker v Caruana, 175 AD3d 1807, 1807-1808 [4th Dept 2019]). Such an assumption is not valid because, irrespective of a prior written notice requirement, the underlying theory of liability remains unchanged, i.e., the municipality's alleged breach of its duty to maintain the subject premises in a reasonably safe condition (see Kiernan v Thompson, 73 NY2d 840, 842 [1988]). While a prior written notice requirement is "an essential element of [a] plaintiff['s] cause of action" against a municipality that has enacted such a law (Scarsone, 236 AD2d at 870; see 1B NY PJI3d 2:225A at 684 [2023]) inasmuch as no "duty will arise with respect to a defective sidewalk or street condition" absent "prior written notice of the defect or condition" (Barry, 35 NY2d at 633), the exceptions to the prior written notice requirement "obviate the necessity of pleading and proving" that element (Gorman v Ravesi, 256 AD2d 1134, 1135 [4th Dept 1998]; see Groninger, 17 NY3d at 127-128; Kiernan, 73 NY2d at 842) because, in such circumstances, a municipality's duty with respect to the subject premises arises from its affirmative creation of a defect through an act of negligence or its special use of the premises that confers a special benefit upon the municipality (see Poirier, 85 NY2d at 315; Kiernan, 73 NY2d at 842). The exceptions are thus not new theories of liability inasmuch as the cause of action remains based on the municipality's alleged breach of its duty to maintain the subject premises in a reasonably safe condition. Consequently, we conclude that where, as here, a municipal defendant's motion for summary judgment is premised on the absence of prior written notice, a plaintiff is entitled to defeat the motion by raising one or both of the judicially recognized exceptions to the prior written notice requirement, regardless of whether either of those exceptions is contained in the pleadings.
Next, the court determined here that, if plaintiff was permitted to raise the special use exception, the County's motion would be denied because there is evidence that the County made special use of the sidewalk. Although the County was not aggrieved by the order and thus could not have cross-appealed (see Cleary v Walden Galleria LLC, 145 AD3d 1524, 1526 [4th Dept 2016]; Matter of Tehan [Tehan's Catalog Showrooms, Inc.] [appeal No. 2], 144 AD3d 1530, 1531 [4th Dept 2016]), the County could properly have raised as an alternative ground for affirmance that the special use exception does not apply (see Cleary, 145 AD3d at 1526; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]). The County does not appear to have done so, and thus there is no challenge before us on appeal regarding the court's determination that the County's motion should be denied based on plaintiff's invocation of the special use exception (see generally Huen N.Y., Inc. v Board of Educ. Clinton Cent. Sch. Dist., 67 AD3d 1337, 1337-1338 [4th Dept 2009]).
Even assuming, arguendo, that the County's brief can be read as challenging the applicability of the special use exception, we conclude that such a challenge lacks merit. "The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property" (Poirier, 85 NY2d at 315). "A special use is typically characterized by the installation of some object in the sidewalk or street or some variance in the construction thereof" (Zarnoch v Williams, 83 AD3d 1373, 1374 [4th Dept 2011], lv denied 17 NY3d 708 [2011] [internal quotation marks omitted]). Here, plaintiff raised an issue of fact in that regard inasmuch as the submissions tend to establish that the County's installation of the metal grate in the subject sidewalk was unrelated to pedestrian use of the sidewalk and instead provided the County a special benefit in the form of air intake for its courthouse (see e.g. Ferguson v Mantell, 216 AD2d 160, 161 [1st Dept 1995]; Karr v City of New York, 161 AD2d 449, 450 [1st Dept 1990]).
To the extent that the court granted the County's motion based on its determination that it was compelled to deem admitted the assertions set forth in the County's statement of material facts because plaintiff failed to promptly submit a counter statement of undisputed facts pursuant to the Uniform Rules for the New York State Trial Courts (see 22 NYCRR 202.8-g [b], [former (c)]), that was error (see On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481 [4th Dept 2022]; see also Montgomery v Burlington Coat Factory of Texas, Inc.,
— AD3d &mdash, &mdash, 2023 NY Slip Op 03127, *1 [4th Dept 2023]). "Although the court had discretion under section 202.8-g (former [c]) to deem the assertions in [the County's] statement of material facts admitted, it was not required to do so" (On the Water Prods., LLC, 211 AD3d at [*7]1481). "[B]lind adherence to the procedure set forth in 22 NYCRR 202.8-g was not mandated" (id. [internal quotation marks omitted]). Here, considering that plaintiff's attorney represented that the initial failure to respond to the County's statement of material facts was an inadvertent oversight and provided a proposed counter statement of undisputed facts we conclude that, although it would have been better practice for plaintiff to promptly submit a paragraph-by- paragraph response to the County's statement, the court abused its discretion in deeming the County's entire statement admitted (see id. at 1481-1482). In any event, even in the absence of an abuse of discretion, we substitute our discretion to deem plaintiff's mistake corrected by her late filing (see CPLR 2001; Smith v MDA Consulting Engrs., PLLC, 210 AD3d 1448, 1448-1449 [4th Dept 2022], lv denied 39 NY3d 910 [2023]). As plaintiff asserts, "the affidavit of [her] attorney [in opposition to the motion] was the functional equivalent of a statement of material facts, there was no prejudice to [the County], and [plaintiff attempted to] rectifi[y her] omission in a timely manner" (Smith, 210 AD3d at 1449).
Finally, assuming, arguendo, that plaintiff's motion is not superfluous, we conclude that the court abused its discretion in denying that part of plaintiff's motion seeking leave to amend her bill of particulars to allege that the County made special use of the subject sidewalk and was liable under Highway Law § 139 and Charter § 413-50 (A). "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Uhteg v Kendra, 200 AD3d 1695, 1699 [4th Dept 2021] [internal quotation marks omitted]; see CPLR 3025 [b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). Here, plaintiff's proposed amendment is not patently lacking in merit, and the record is devoid of any prejudice flowing from the proposed amendment inasmuch as the County was undoubtably aware of its particularized installation and use of the metal grate in the sidewalk and its responsibility for maintenance of the sidewalk and, even in the absence of reference to Highway Law § 139, plaintiff has already adequately pleaded that the County was subject to liability based on its constructive notice of the sidewalk defect (see Uhteg, 200 AD3d at 1699).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court