People v Cassata (2025 NY Slip Op 02684)

People v Cassata

2025 NY Slip Op 02684

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

239 KA 20-00368

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK CASSATA, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered March 7, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree, aggravated vehicular homicide, vehicular manslaughter in the first degree, leaving the scene of an incident resulting in injury or death, aggravated driving while intoxicated, and driving while intoxicated (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [2]), aggravated vehicular homicide (§ 125.14 [1]), vehicular manslaughter in the first degree (§ 125.13 [1]), and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]) as a result of an incident in which defendant, after arguing with a group of people on a sidewalk, got into his vehicle and drove onto the sidewalk and a front lawn, where he struck and killed a three-year-old child and seriously injured another victim. Defendant continued driving, hitting a fire hydrant as he swerved the vehicle back onto the road, and drove down the road at a high rate of speed through at least one intersection controlled by a stop sign before crashing into another vehicle.
Defendant contends that his conviction of murder in the second degree is not supported by legally sufficient evidence that he acted with depraved indifference to human life. We reject that contention. A person commits depraved indifference murder when, "[u]nder circumstances evincing a depraved indifference to human life, [the person] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2]). Depraved indifference is a mental state that " 'is best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (People v Heidgen, 22 NY3d 259, 274 [2013], cert denied 574 US 1063 [2014], quoting People v Feingold, 7 NY3d 288, 296 [2006]; see People v Archie, 118 AD3d 1292, 1293 [4th Dept 2014], lv denied 26 NY3d 965 [2015]). Here, the evidence establishes that, although defendant may have initially aimed his vehicle at one of the people with whom he had been arguing, he continued driving along a crowded sidewalk after that person jumped out of the way. [D]riving an automobile along a crowded sidewalk at high speed" is a "[q]uintessential example[ ]" of depraved indifference (People v Suarez, 6 NY3d 202, 214 [2005]; cf. People v Parris, 173 AD3d 1745, 1746-1747 [4th Dept 2019], lv denied 34 NY3d 953 [2019]). Thus, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to establish that defendant acted with depraved indifference within the meaning of section 125.25 (2) (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that his conviction of aggravated vehicular homicide is not supported [*2]by legally sufficient evidence. The elements of aggravated vehicular homicide are statutorily defined as including two existing crimes, i.e., reckless driving (see Vehicle and Traffic Law § 1212) and vehicular manslaughter in the second degree (see Penal Law §§ 125.12, 125.14; People v Goldblatt, 98 AD3d 817, 818 [3d Dept 2012], lv denied 20 NY3d 932 [2012]). Here, defendant contends that, because the vehicle he was driving was on the lawn at the moment he struck the child with the vehicle, the People failed to prove that he operated a motor vehicle upon a public highway "in a manner which unreasonably interfered with the free and proper use of the public highway . . . , or unreasonably endangered users of the public highway" (Vehicle and Traffic Law § 1212 [a] [emphasis added]; see Penal Law § 125.14).
We reject that contention. Initially, we note that the Vehicle and Traffic Law broadly defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134; see People v Beyer, 21 AD3d 592, 594 [3d Dept 2005], lv denied 6 NY3d 752 [2005]), and that term includes a sidewalk, inasmuch as a sidewalk is a "way 'over which the public have a general right of passage' " (People v Thew, 44 NY2d 681, 682 [1978]; see People v Marcus, 19 AD2d 813, 813 [1st Dept 1963], affd 14 NY2d 505 [1964]; Matter of County of Westchester v Winstead, 231 AD2d 630, 630 [2d Dept 1996]; see generally Hart v City of Buffalo, 218 AD3d 1140, 1144-1145 [4th Dept 2023]). Here, defendant's conduct in swerving the vehicle off and on the road, crossing over the sidewalk, and then traveling down the road and through an intersection at a high rate of speed unreasonably interfered with the use of both the road and the sidewalk, as well as endangered the pedestrians on the sidewalk. It was during the course of that conduct that defendant "cause[d] the death" of the child (Penal Law § 125.12). We therefore conclude that there is a valid line of reasoning and permissible inferences that could lead a jury to conclude that the prosecution sustained its burden of proof with respect to the challenged element of aggravated vehicular homicide even if the vehicle had completely left the sidewalk at the precise moment of impact. Contrary to defendant's further contention, the evidence is also legally sufficient to establish that he operated a motor vehicle while having .18 of one per centum or more by weight of alcohol in his blood (see Penal Law §§ 125.13 [1]; 125.14 [1]; Vehicle and Traffic Law § 1192 [2-a] [a]).
Viewing the evidence in light of the elements of the crimes of murder in the second degree, aggravated vehicular homicide, vehicular manslaughter in the first degree, and aggravated driving while intoxicated as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those crimes is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court